IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 11-9015-MC-C-NKL |
| ) | |
| ROBERT W. HILL and ) | |
| LAKE AREA TIRE AND SERVICE, INC., ) | |
| ) | |
| Respondents ) | |

## REPORT, RECOMMENDATION AND ORDER

A petition to enforce an Internal Revenue Service ("IRS") summons was filed by the United States of America on November 8, 2011.[1] Respondents Robert W. Hill and Lake Area Tire and Service, Inc., failed to answer or otherwise challenge the allegations of the petition. Thus, on February 29, 2012, the court entered an order directing respondents to appear before the undersigned at the United States Courthouse, 80 Lafayette Street, Jefferson City, Missouri, on April 23, 2012, at 1:00 p.m. to show cause why the IRS summons should not be enforced.

A certified copy of the order was personally served on respondents on March 30, 2012, on 4587 Highway 54, Osage Beach, Missouri, their last and usual place of abode, by the United States Marshal's Service. Respondents failed to appear at 1:00 p.m. on April 23, 2012. The court waited until 1:15 p.m., but respondents failed to appear or present any reason for not appearing.[2]

In United States v. First Nat. Bank of Mitchell, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the court stated that whether to enforce an IRS summons can be decided on the written record, as follows:

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2] Record was made of this court proceeding.

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. United States v. Powell, 379 U.S. 48 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, respondents have not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense and has failed to appear in response to an order of this court to show cause why the summons should not be enforced. Therefore, this report and recommendation is based on the written record, including the declaration of Revenue Officer Alicia B. Fitzgerald ("Officer Fitzgerald").

## I. Findings of Fact

1. Officer Fitzgerald is employed by the IRS as a Revenue Officer in the Small Business/Self-Employed Division of the Internal Revenue Service.

2. Officer Fitzgerald is conducting an investigation into the collection of unpaid employment tax liabilities for the quarters ending March 31, June 30, and September 30, 2009, and the assessment of corporate federal income tax liabilities for the years 2009 and 2010 of Lake Area Tire and Service, Inc.

3. On August 23, 2011, Officer Fitzgerald, in furtherance of her investigation, issued a summons directed to respondents. Officer Fitzgerald served an attested copy of the summons on respondents on August 31, 2011. The summons required respondents to appear before Officer Fitzgerald at 9:00 a.m. on September 14, 2011, to produce for examination their books, papers, records, and other data as described in the summons from which the IRS can determine the assets for collection of unpaid employment tax liabilities for the quarters ending March 31, June 30 and September 30, 2009, and to assess the corporate federal income tax liabilities for the years 2009 and 2010 of Lake Area Tire and Service, Inc., and to testify about those records and generally about their income. Respondents did not appear on September 14, 2011, or otherwise comply with the summons.

4. Respondents were afforded another opportunity to comply with the summons by appearing before Officer Fitzgerald on October 19, 2011. Respondents failed to appear on October 19, 2011, or otherwise comply with the summons.

5. The testimony, books, records, papers and other data sought by the summons are necessary to properly collect the federal tax liability of respondents for the collection of unpaid employment tax liabilities for the quarters ending March 31, June 30 and September 30, 2009, and to assess the corporate federal income tax liabilities for the years 2009 and 2010 of Lake Area Tire and Service, Inc.

6. The books, papers, records, and other data sought by the summons are not already in the possession of the IRS.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. There has been no recommendation made by the IRS to the Department of Justice for criminal prosecution of respondents.

## II. Internal Revenue Service Summons

The IRS may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b). In order to establish a prima facie case for enforcement of a summons, the Government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982).

Once the Government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon Federal Savings & Loan, 718 F.2d 49, 52 (2d Cir. 1983). In contrast to the Government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertion. United States v. Abrahams, 905 F.2d at 1280.

Based on the declaration of Officer Fitzgerald, the court finds that the IRS has made out a prima facie case for enforcement of the summons. By means of Officer Fitzgerald's declaration, the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met. The declaration states that (1) the information sought is necessary for the collection of unpaid employment tax liabilities for quarters ending March 31, June 30 and September 30, 2009, and corporate federal income tax liabilities for the years 2009 and 2010 of Lake Area Tire and Service, Inc.; (2) the information sought is material and necessary since it will show whether any assets of the taxpayer are available to satisfy the tax liability for those periods mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. Therefore, the IRS is entitled to an order for enforcement of this summons, unless the respondent can show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280. Since respondents have failed to answer or otherwise respond, and failed to appear in response to the order of this court directing him to appear and show cause why the summons should not be enforced, he has failed to meet this heavy burden.

### III. Conclusion

The undersigned finds that the IRS has made out a prima facie case for enforcement of the summons and that respondents have failed to show that the summons was issued for an improper purpose or was otherwise deficient. Therefore, it is

RECOMMENDED that the court, after making its own independent review of the record, enter an order directing compliance with the summons on a date and at a time agreed upon by Officer Alicia B. Fitzgerald and respondents Robert W. Hill and Lake Area Tire and Service, Inc., but not later than thirty days after service of an order directing compliance with the summons upon respondents. It is further

ORDERED that the Clerk of the Court forward a copy of this Report and Recommendation to respondents Robert W. Hill and Lake Area Tire and Service, Inc., at 4587 Highway 54, Osage Beach, Missouri 65065-2173.

All parties and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to the Report and Recommendation. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 24th day of April, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge